IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

KAREN NOEMI HERNANDEZ     §
       §
v.                       §       **Cause No. EP-24-CV-168-KC**
       §
UNITED STATES OF AMERICA.     §

## MEMORANDUM OPINION AND ORDER

Karen Noemi Hernandez, Federal Prisoner Number 73658-509, moves the court to intervene on her behalf in an immigration matter, grant her asylum, and order withholding her removal from the United States. Pl.'s Mot., ECF No. 1. Although she did not pay a filing fee, the Court finds she is indigent, and it will *sua sponte* dismiss her motion for lack of jurisdiction.

## BACKGROUND

Hernandez is a 44-year-old prisoner at the Carswell Federal Medical Center in Fort Worth, Texas. Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 73658-509, last visited May 28, 2024). Her projected release date is September 11, 2024. *Id.*

On or about November 8, 2021, Federal Bureau of Investigations special agents learned that Hernandez was attempting to broker the sale of methamphetamine on behalf of a supplier in Mexico from her apartment in El Paso, Texas. *United States v. Hernandez*, EP-21-CV-1881-KC, Plea Agreement, ECF No. 42 at 10. They obtained a search warrant, entered her apartment, and discovered a bundle of a crystal-like substance which tested positive for methamphetamine. *Id.* They also found evidence that someone had tried to flush methamphetamine down a bathroom drain. *Id.*

Hernandez, represented by the Federal Public Defender because she was indigent, pleaded guilty to conspiracy to possess more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). *Id.*, J. Crim. Case, ECF No. 70. She was sentenced to 51 months'

imprisonment. *Id.*, Order, ECF No. 106.

On May 4, 2024, Hernandez applied for asylum in the United States. Pl.'s Mot., ECF No. 1 at 17. She claimed a dangerous social group in Mexico had threatened her life, threatened her children's lives, and murdered her husband. *Id.* at 13. She added "[t]hese cruel people are awaiting her release" and return to Mexico. *Id.* at 5. She conceded "[n]o appeals court has issued a final order of deportation." *Id.* At approximately the same time she filed her application, she moved the Court to grant her asylum and withholding of removal. *Id.* at 6.

## STANDARD OF REVIEW

The Immigration and Nationality Act "provide[s] two methods through which an otherwise deportable alien who claims that … she will be persecuted if deported can seek relief. These are 1) asylum, and 2) withholding of deportation." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 423 (1987). Though they are reviewed together, a claim for asylum is a distinct remedy from a claim for withholding of deportation. *Bahramnia v. INS*, 782 F.2d 1243, 1247 (5th Cir.1986).

To obtain asylum, the deportable alien must apply to the Attorney General, who "has the [discretion] to grant asylum to any alien who [he] determines to be a refugee." *Mikhael v. INS*, 115 F.3d 299, 303 (5th Cir. 1997). A refugee is defined as:

> [A]ny person who is outside any country of such person's nationality … and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

"To obtain a grant of withholding of removal, an applicant must establish a clear probability that his life or freedom will be threatened in the country of removal because of his race,

religion, nationality, membership in a particular social group, or political opinion." *Argueta-Hernandez v. Garland*, 87 F.4th 698, 707 (5th Cir. 2023) (citing 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). Upon satisfying these requirements, the Attorney General "shall" withhold deportation. *See* 8 U.S.C. § 1253(h)(1).

"Finality of judgment has [traditionally] been required as a predicate for federal appellate jurisdiction." *Abney v. United States*, 431 U.S. 651, 656 (1977). Once the Attorney General—acting through an immigration judge and the Board of Immigration Appeals—enters a final order of removal, the applicant may appeal the decision directly to an appellate court—but not to a district court:

> If the immigration judge orders removal …, the noncitizen may appeal to the Board of Immigration Appeals. If the Board of Immigration Appeals orders removal …, the noncitizen may obtain judicial review *in a federal court of appeals* of … the final order of removal …. For cases involving noncitizens who have committed any crime specified in 8 U.S.C. § 1252(a)(2)(C) [which includes a knowing conspirator in the illicit trafficking of any controlled substance], federal law limits the scope of judicial review. Those noncitizens may obtain judicial review of constitutional and legal challenges to the final order of removal, but not to factual challenges to the final order of removal.

*Nasrallah v. Barr*, 590 U.S. 573, 575–76 (2020) (emphasis added).

## ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Hernandez asks the Court to intervene on her behalf, grant her asylum, and grant her withholding of removal. Pl.'s Mot., ECF No. 1 at 5. But she has just applied for asylum and no action has been taken by an immigration judge. *Id.* at 17. Furthermore, she may obtain judicial review of a final order of removal only in a federal court of appeals. The Court cannot exercise

jurisdiction reserved to the appellate courts. Consequently, the Court must decline to exercise jurisdiction over Hernandez's requests, and it must dismiss her motion.

## CONCLUSIONS AND ORDERS

The Court, after completing its initial screening, finds that Hernandez's requests plainly lack the finality traditionally considered indispensable to any form of appellate review. Moreover, it finds that it lacks the jurisdiction necessary to address Hernandez's requests. It therefore concludes that Hernandez's petition is subject to dismissal for lack of jurisdiction. The Court accordingly enters the following orders:

**IT IS ORDERED** that all costs and fees are waived because Karen Noemi Hernandez remains indigent and is unable to pay.

**IT IS FURTHER ORDERED** that Karen Noemi Hernandez's *pro se* "Motion Under 8 U.S.C. § 1225(b) Seeking Asylum and Withholding of Deportation" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SIGNED this 28th day of May, 2024.**

KATHLEEN CARDONE
**UNITED STATES DISTRICT JUDGE**

4